UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KASS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEXINGTON MEDICAL, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-05044-FLA (Ex)<br><br>**ORDER DISCHARGING OSC AND DENYING PLAINTIFF'S MOTION TO REMAND [DKTS. 8, 9]** |

### **RULING**

Before the court is Plaintiff Aaron Kass's ("Plaintiff") Motion to Remand (the "Motion"). Dkt. 9 ("Mot."). Defendants Lexington Medical, Inc. ("Lexington Medical") and Justworks Employment Group LLC ("Justworks LLC") (together, "Defendants") oppose the Motion. Dkt. 10 ("Opp'n").

On August 22, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 25, 2023. Dkt. 13; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES Plaintiff's Motion and DISCHARGES its Order to Show Cause regarding subject matter jurisdiction.

///

1

**BACKGROUND**

Plaintiff initiated this action against Defendants and DOES 1 through 20 in the Los Angeles County Superior Court on May 9, 2023. Dkt. 1-1, Ex. A ("Compl."). The Complaint alleges eight state law causes of action. *Id.* On June 26, 2023, Defendants removed the action to this court based on alleged diversity jurisdiction. Dkt. 1("NoR") at 3–4. In their Notice of Removal, Defendants allege the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.*

On July 18, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy (the "OSC"). Dkt. 8. Defendants filed a response to the OSC. Dkt. 10 ("Defs. Resp.").

Rather than respond to the court's OSC, as he should have, Plaintiff elected to file the instant Motion on July 27, 2023. Mot. Plaintiff argues the court lacks subject matter jurisdiction because neither the amount in controversy nor diversity requirements are satisfied. *Id.* Defendants filed an Opposition on August 4, 2023. Opp'n. Plaintiff thereafter filed a Reply. Dkt. 12 ("Reply").

**DISCUSSION**

I.  **Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the

amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing a case from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Additionally, the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) (quoting 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is its "nerve center," that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

## II. Analysis

### A. Amount in Controversy Requirement

In their response to the court's OSC, Defendants allege the following categories of damages bring the amount in controversy beyond the jurisdictional threshold: lost wages (including back pay and front pay), punitive damages, emotional distress

3

damages, and attorney's fees. *See* Defs. Resp.

Defendants submit a Declaration from Leon Amariglio (the "Amariglio Declaration"), Founder and Chief Executive Officer of Defendant Lexington Medical. *See* Dkt. 10-2 ("Amariglio Decl."). The Amariglio Declaration attaches Plaintiff's offer letter with the company, which indicates his base salary per month would be $7,083—approximately $85,000 per year. *See id.* ¶ 4 & Ex. A. Plaintiff alleges he was terminated on May 31, 2022. Compl. ¶ 71. Defendants removed the action on June 26, 2023. NoR. Taking these two dates, Defendants calculate approximately $92,083.33 to $113,745.66 is at issue in back pay wages alone. *See* Defs. Resp. at 4. Plaintiff does not contest these figures. Mot. at 9–10; *see generally* Reply.

In light of the above, the court is satisfied Defendants have carried their burden of demonstrating by a preponderance of the evidence that at least $75,001 is in controversy in the action. The court, therefore, DISCHARGES the OSC.

### B. Diversity Requirement

In the Motion, Plaintiff argues Defendants have failed to set forth admissible evidence that they are not domiciled in California.[1] Defs. Resp. at 7. In the Opposition, Defendants provides the Amariglio Declaration, which states as follows: (i) Lexington Medical is incorporated in Delaware (attaching a link to the Delaware Secretary of State website); and (ii) Lexington Medical's headquarters and corporate offices have always been located in Massachusetts, "where its primary executive, administrative, financial, and management functions are conducted, and where most of its high level corporate officers, direct, control, and coordinate its activities." Amariglio Decl. ¶¶ 4–5. The Amariglio Declaration also attaches a lease agreement substantiating the location of Lexington Medical's corporate headquarters. *Id.*, Ex. B.

Defendants also provide a Declaration from Alanna Franco (the "Franco Declaration"), Director, Corporate and Securities Counsel, and Assistant Secretary of

---

[1] The Complaint states Plaintiff is a citizen of California. Compl. ¶ 2.

4

1  Justworks, Inc. Dkt. 11-2 ("Franco Decl."). The Franco Declaration states that
2  Justworks, Inc. "is the sole member and parent company of Justworks Employment
3  Group LLC." *Id.* ¶ 2. The Franco Declaration further provides: (i) Justworks, Inc. is
4  incorporated in Delaware (attaching a link to the Delaware Secretary of State
5  website); and (ii) Justwork, Inc.'s principal place of business is New York, "where its
6  primary executive, administrative, financial, and management functions are conducted
7  and where its corporate officers direct, control, and coordinate its activities." *Id.* ¶¶ 4–
8  5.

Plaintiff responds that Defendants' reliance on a "single piece of evidence, such as a Secretary of State printout" is insufficient to demonstrate they are not domiciled in California and urges the court to find that Defendants have failed to carry their burden. Reply at 4–5. The court disagrees.

The Amariglio Declaration provides relevant undisputed evidence that Lexington Medical is incorporated in Delaware and has its principal place of business in Massachusetts, where its corporate officers "direct, control, and coordinate the corporation's activities." *See* Amarigilio Decl. ¶ 5; *Hertz Corp.*, 559 U.S. at 92–93. Lexington Medical's citizenship, therefore, is completely diverse from Plaintiff's.

Unlike Lexington Medical, Justworks LLC is a limited liability company. Therefore, the court must "trac[e] through however many layers there may be" to ensure the citizenship of every partner or member is accounted for. *KMS, LLC v. Major League Trucking, Inc.*, Case No. 2:22-cv-06245-ODW (MAAx), 2023 WL 5321086, at *1 (C.D. Cal. July 13, 2023) (quoting *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020)). "Diversity jurisdiction depends on the citizenship of all of the members of the LLC and may be destroyed if any owner or member" of any layer of an unincorporated entity on one side has the same citizenship as a party on the other side. *Id.* (citing *Holden v. Fluent, Inc.*, Case No. 3:20-cv-03816-JCS, 2020 WL 6822914, at *1 n. 3 (N.D. Cal. Nov. 20, 2020)).

The Franco Declaration states that Justworks, Inc. is the sole member of

Justworks LLC.  Justworks, Inc.'s citizenship, therefore, will control Justworks LLC's citizenship.  *See KMS, LLC*, 2023 WL 5321086, at *1.  The Franco Declaration provides relevant evidence that Justworks, Inc. is incorporated in Delaware and has its principal place of business in New York, where its corporate officers "direct, control, and coordinate the corporation's activities."  *See* Franco Decl. ¶ 5; *Hertz Corp.*, 559 U.S. at 92–93.  Justworks, Inc.'s citizenship, and therefore, Justworks LLC's, is completely diverse from Plaintiff's.

    In sum, the court finds Defendants have carried their burden of demonstrating by a preponderance of the evidence the complete diversity of the parties.

## CONCLUSION

    The court hereby DISCHARGES its OSC (Dkt. 8) and DENIES Plaintiff's Motion to Remand (Dkt. 9).

    IT IS SO ORDERED.

Dated: October 3, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge